UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
HEEHOON CO., LTD.,

                           Plaintiff,                   REPORT AND
                                                               RECOMMENDATION
   -against-
                                                               03-CV-785 (NGG)(RML)

S.K. NEW YORK, INC., *et al.*,

                           Defendants.
--------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff Heehoon Co., Ltd., a South Korean company ("plaintiff"), brought this diversity action in February 2003, asserting, *inter alia*, claims for breach of contract, intentional misrepresentation, fraud in the inducement, and unjust enrichment. (See Complaint, dated Feb. 11, 2003.) The case was referred to mediation in June 2003. In May 2005, the mediator reported that the parties were unable to settle, and the case was returned for further proceedings. Because a bankruptcy stay was in effect with respect to defendant S.K. New York LLC (but not with respect to defendants S.K. New York, Inc. or Chung Min Mun), I directed plaintiff's counsel to advise the court by October 21, 2005 as to whether plaintiff intended to continue with the action. (See Order, dated Oct. 6, 2005). My order also set forth discovery deadlines with respect to the defendants not subject to the bankruptcy stay.

        By letter dated November 4, 2005, plaintiff's counsel moved to withdraw from the case. By order dated November 23, 2005, I granted that request and gave plaintiff until January 3, 2006 to obtain new counsel.[1] (See Order, dated Nov. 23, 2005.) The order also

---

[1] Although the order erroneously refers to "defendants' counsel's motion to withdraw," it is clear from the context that the order is directed to plaintiff.

scheduled a telephone conference for January 5, 2006. When plaintiff failed to appear for that conference, or to request an adjournment, I scheduled an in-person status conference for April 20, 2006. The order expressly warned that plaintiff's failure to comply could result in the imposition of sanctions, including a recommendation that this case be dismissed for failure to prosecute. (See Order, dated Mar. 7, 2006.)

Plaintiff failed to appear for the April 20, 2006 conference, or to contact the court or defendants' counsel. In addition, to date, no new counsel has entered an appearance on plaintiff's behalf. Since the deadline for obtaining new counsel has passed, and plaintiff has not requested or received an extension of time to do so, plaintiff has apparently abandoned this case. Accordingly, I respectfully recommend that this case be dismissed for lack of prosecution.

Objections to this report and recommendation must be filed within ten (10) business days, with a courtesy copy to Judge Garaufis, in order to preserve appellate review. See 28 U.S.C. § 636(b)(1).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

DATED: Brooklyn, New York
April 21, 2006