UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HEEHOON CO, LTD.,

                  Plaintiff,                                  ORDER

    -against-

                                                                     03-CV-785 (NGG)(RML)

S.K. New York, Inc., et al.,

                  Defendants.
----------------------------------------------------------------X

GARAUFIS, District Judge.

On April 21, 2006, Magistrate Judge Robert M. Levy, *sua sponte*, issued a Report and Recommendation ("R&R") recommending that this action be dismissed for failure to prosecute. On July 24, 2006, Plaintiff Heehoon Co., Ltd. ("Heehoon" or "Plaintiff") filed an objection to the R&R. For the reasons set forth below, Plaintiff's objection is sustained and the R&R is overruled.

**I.    BACKGROUND**

Plaintiff, a South Korean company with its principal place of business in Seoul, South Korea, filed this breach of contract and fraud action on February 14, 2003. (Compl. at page 1.) In this action, Plaintiff alleges that S.K. New York, Inc., S.K. New York, LLC, and Chung Min Mun (collectively, "Defendants") breached a contract for interior design and construction services and fraudulently induced Plaintiff to incur expenses related to the contract that Plaintiff had no contractual obligation to incur.

On November 4, 2005, Plaintiff's counsel, Arturi, D'Argenio & Guaglardi, LLP ("ADG"), sought leave to withdraw from the case because Plaintiff failed to pay the ADG's legal fees. On November 7, 2005, Judge Levy granted ADG's motion to withdraw and ordered new

counsel to appear on or before December 7, 2005. On November 23, 2005, Judge Levy issued an Order that: (1) stated that ADG's motion to withdraw was granted[1]; (2) extended the time Plaintiff's new counsel had to appear until January 3, 2006; and (3) scheduled a telephone conference in the case for January 5, 2006.

Plaintiff failed to appear at or request an adjournment of the January 5 conference. As a result, Judge Levy scheduled an in-person status conference for April 20, 2006. In the March 7, 2006 Order scheduling the April 20 conference, Judge Levy explicitly warned as follows: "Failure to comply with this order may resu[l]t in the imposition of sanctions, including a recommendation . . . that this case be dismissed for failure to prosecute." Plaintiff failed to appear for the April 20 conference, request an adjournment of the conference, or contact Defendants' counsel. On April 21, 2006, Judge Levy concluded that Plaintiff had apparently abandoned the case and issued the R&R recommending that the case be dismissed.

On July 13, 2006, Plaintiff's new counsel filed an notice of appearance and this court granted Plaintiff's request for an extension of time to object to the R&R until July 24, 2006. On July 24, 2006, Plaintiff filed an objection to the R&R. In its objection, Plaintiff states that, while represented by ADG, Plaintiff diligently pursued discovery and mediation, and never failed to fulfill its own discovery obligations. (Declaration of Anthony Arturi ("Arturi Decl.") ¶¶ 7, 9.) Plaintiff asserts that Defendant S.K. New York, LLC improperly failed to disclose that it had filed for bankruptcy protection. (Id. at ¶ 9.) Plaintiff also states that Defendants have not been prejudiced by Plaintiff's delayed prosecution of this action. (Declaration of David Scott ("Scott

---

[1] Although the November 23 Order states that "Defendants' counsel's motion to withdraw is GRANTED," it is clear from the context that the Order was referring to Plaintiff's counsel's November 4, 2005 motion to withdraw.

Decl." ¶ 5.)

Defendants have not responded to Plaintiff's objection to the R&R.

## II. DISCUSSION

A court may dismiss an action for "failure to prosecute or to comply with these rules or any order of court . . . ." Fed. R. Civ. P. 41(b). Such dismissal may occur either on motion of defendant or by the court *sua sponte*. Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962). While dismissal is an appropriate remedy for failure to prosecute to avoid "undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," id. at 629, it is a "harsh remedy to be utilized only in extreme situations." Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) (internal quotations omitted). The Second Circuit instructs that a court reviewing a motion to dismiss for failure to prosecute should employ a balancing test of whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004). See also Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994).

In this case, Plaintiff failed to pay its counsel, failed to retain new counsel by the reasonable deadlines set by Judge Levy, failed to request an extension of time to obtain new counsel, and failed to appear at or request the adjournment of two conferences before Judge Levy. In light of these omissions, Judge Levy's conclusion that Plaintiff had apparently abandoned the case was eminently reasonable. As a result, I agree with Judge Levy that

dismissal was appropriate at that time.

Since Judge Levy issued the R&R, however, Plaintiff has appeared through new counsel, requested an extension of time to object to the R&R, and filed an objection reasonably supported by declarations and a Memorandum of Law. At this time, several significant factors weigh against dismissing the action for failure to prosecute: (1) Defendants never requested that this action be dismissed for Plaintiff's failure to prosecute; (2) Plaintiff is a South Korean corporation with a principal place of business in South Korea and, as a result, locating new counsel was presumably more difficult for it than the typical party who appears in this court; (3) the record suggests that, prior to the withdrawal of ADG, Plaintiff diligently pursued discovery (including filing at least one motion to compel discovery) and mediation; (4) Defendants have not opposed Plaintiff's objection to the R&R; (5) there is absolutely no evidence in the record that Defendants were prejudiced by Plaintiff's delay in prosecuting the action; and (6) lesser sanctions will suffice. As a result, I find that dismissal for failure to prosecute is not appropriate at this time.

However, Plaintiff's failure to appear at two conferences scheduled before Judge Levy is entirely unacceptable. This district's docket is simply too busy to permit a litigant that is a corporation capable of retaining counsel from failing to appear at or seek the adjournment of two scheduled conferences. Plaintiff is ordered to pay a fine in the amount of $1,000 to the court no later than May 18, 2007. Plaintiff's failure to pay the fine by May 18 will result in dismissal of this action. Further, if Plaintiff fails to appear at any additional conference, meet any other deadline, or diligently prosecute this action in any way, this action will be dismissed with prejudice for failure to prosecute.

## III. CONCLUSION

Plaintiff's objection to Judge Levy's April 21, 2006 R&R is SUSTAINED, and the R&R is OVERRULED. Plaintiff is ordered to pay a fine in the amount of $1,000 to the court no later than May 18, 2007. Plaintiff's failure to pay the fine by May 18 will result in dismissal of this action. Further, if Plaintiff fails to appear at any additional conference, meet any other deadline, or diligently prosecute this action in any way, this action will be dismissed with prejudice for failure to prosecute.

SO ORDERED.

Dated: April 18, 2007                                              /s/ Nicholas G. Garaufis
      Brooklyn, N.Y.                                     NICHOLAS G. GARAUFIS
                                                                      United States District Judge